[730 NYS2d 116]

In the Matter of DARRYL GREENE (Admitted as DARRYL E. GREENE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 27, 2001

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Kramer Levin Naftalis & Frankel, L. L. P.*, New York City (*Barry Berke, Kerri Ann Law* and *Lauren Freeman-Bosworth* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated August 15, 2000, containing one charge of professional misconduct against him. After a preliminary conference on October 5, 2000, and a hearing held on October 24, 2000, and October 31, 2000, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. In response to the petitioner's motion, the respondent asks to be reinstated to the practice of law in consideration of his mitigation.

Charge One alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime. The respondent was convicted of embezzlement in violation of 18 USC § 641, a class A misdemeanor, upon his plea of guilty in the United States District Court for the Eastern District of New York. He was sentenced on July 16, 1999, to three years probation and 240 hours of community service. Restitution of $100,000 has already been paid to the Clerk of the Court for the Eastern District of New York. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (a) (3), (4) and (7) (22 NYCRR 1200.3 [a] [3], [4], [7]).

Inasmuch as the respondent has admitted the underlying factual allegations and has been suspended on the basis of his conviction of a serious crime, the Special Referee properly sustained the charge of professional misconduct. Accordingly, the motion to confirm the Special Referee's report is granted.

With regard to the appropriate measure of discipline to impose, the Special Referee noted the existence of significant mitigating factors in the record. The respondent has been very involved in the creation, development, and administering of affirmative action programs throughout New York State. The respondent and all of his character witnesses label his conviction an anomaly, an error in judgment which could not happen again. In addition to devoting his professional life to promoting equal opportunity in the workplace, the respondent has worked on behalf of numerous civic and charitable organizations. The respondent has no prior disciplinary history.

Notwithstanding the impressive mitigation proffered by the respondent, he has admitted that he voluntarily, intentionally, and knowingly embezzled government money for the use of himself or another. Under the totality of circumstances, the respondent is disbarred.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and SMITH, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Darryl Greene, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Darryl Greene is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.